UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GWENDOLYN MUNN,<br><br>    Plaintiff(s),<br><br>v.<br><br>HOTSPUR RESORTS NEVADA, INC., et al.,<br><br>    Defendant(s). | Case No.: 2:19-cv-00693-GMN-NJK<br><br>**ORDER**<br><br>[Docket No. 55] |

Pending before the Court is Defendant Hotspur Resorts Nevada, Inc.'s ("Defendant") motion to strike.  Docket No. 55.  Defendant asks the Court to exclude all documents produced in supplemental disclosures served after the discovery cutoff.  *Id.* at 11–12.  The Court has considered Defendant's motion, Plaintiff's response, and Defendant's reply.  Docket Nos. 55, 46, 48.  The motion is properly resolved without a hearing.  *See* Local Rule 78-1.  For the following reasons, the Court **DENIES** the motion.  Docket No. 55.

**I.    BACKGROUND**

This case concerns a personal injury claim.  Docket No. 55 at 6.  Plaintiff alleges that, on April 27, 2017, while attending an event at the JW Marriott Las Vegas Resort & Spa, a heating lamp "toppled over and struck Plaintiff from behind."  Docket No. 25 at 2.  Plaintiff filed suit in this Court asserting diversity jurisdiction.  *See* Docket No. 1.

On September 9, 2019, the Court entered a scheduling order and set a discovery cutoff of December 12, 2019.  Docket No. 32.  On October 11, 2019, Plaintiff served her initial disclosures.  Docket No. 55-2 at 2–6.  On October 24, 2019, the Court granted the parties' request to extend the discovery cutoff to February 10, 2020.  *See* Docket Nos. 40, 41.  During the discovery period, Plaintiff served five supplemental disclosures.  *See* Docket Nos. 55-3, 55-4, 55-5, 55-6.  After

discovery closed on February 10, 2020, Plaintiff served four additional supplemental disclosures. *See* Docket Nos. 55-7, 55-8, 55-9, 55-10.

On March 13, 2020, Defendant filed a motion to dismiss for lack of subject matter jurisdiction. Docket No. 43. On March 30, 2020, Plaintiff filed a motion to reopen discovery. Docket No. 47. On May 1, 2020, the Court denied Plaintiff's motion because she did not demonstrate excusable neglect. Docket No. 54 at 2. Currently before the Court is Defendant's motion to exclude all documents produced in supplemental disclosures served after the discovery cutoff. Docket No. 55.[1]

## II.  STANDARDS

### A. Rule 26 Disclosures[2]

Rule 26(a)(1)(A) requires parties to provide initial disclosures to the opposing parties without awaiting a discovery request. The initial disclosures must include a computation of each category of damages claimed by the disclosing party. Fed.R.Civ.P. 26(a)(1)(A)(iii). The damages computation enables the defendant to understand the contours of its liability exposure and, by extension, to make informed decisions regarding settlement. *Frontline Med. Assocs., Inc. v. Coventry Health Care*, 263 F.R.D. 567, 569 (C.D. Cal. 2009). "While a party may not have all of the information necessary to provide a computation of damages early in the case, it has a duty to diligently obtain the necessary information and prepare and provide its damages computation within the discovery period." *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 593 (D. Nev. 2011). In addition to disclosing its damages computation, Rule 26 requires the disclosing party to "make available the supporting documents" for its damages computation. Advisory Committee Notes to 1993 Amendments. The disclosing party also has a duty to supplement incomplete or inaccurate disclosures "in a timely manner." Fed.R.Civ.P. 26(e).

---

[1] Pursuant to Local Rule IC 2-2(b), the Clerk's Office split Defendant's motion to dismiss at Docket No. 43 into two separate docket entries because the motion requests two separate types of relief. *See* Local Rule IC 2-2(b) ("For each type of relief requested . . . a separate document must be filed and a separate event must be selected for that document.").

[2] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

There is no bright line rule that supplementation of disclosures is improper if made after the close of discovery. *American Gen. Life Ins. Co. v. Vistana Condo. Owners Assoc.*, 2016 WL 1611585, at *2 (D. Nev. Apr. 21, 2016). Instead, the key inquiry is whether the timing of the supplemental disclosure is reasonable based on when the information was available to the disclosing party. *Id.* While the disclosing party has a duty to obtain sufficient information within a reasonable timeframe as to what damages she will claim, Rule 26 provides for needed flexibility in supplementing the initial disclosure damages computation as the case progresses and circumstances evolve. *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 241 (D. Nev. 2017).

### B. Rule 37(c)(1) Sanctions

When a disclosing party fails to disclose or supplement its Rule 26 disclosures, courts turn to Rule 37 to determine if sanctions are appropriate. Rule 37 provides in pertinent part:

> If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed.R.Civ.P. 37(c)(1). Rule 37(c)(1) "gives teeth" to the requirements of Rule 26. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Generally, an exclusion sanction is "self-executing" and "automatic." Advisory Committee Notes to 1993 Amendments. Nonetheless, courts are entrusted with "particularly wide latitude" in exercising this discretion to impose sanctions under Rule 37(c)(1). *Yeti by Molly*, 259 F.3d at 1106.

In exercising that discretion, courts determine initially whether the failure to comply with the disclosure requirements was either substantially justified or harmless. Fed.R.Civ.P. 37(c)(1). The party facing sanctions bears the burden of establishing that substantial justification or harmlessness exists. *Yeti by Molly*, 259 F.3d at 1107. Courts consider several factors to determine whether substantial justification and harmlessness exist: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence. *See Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999); *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x. 705, 713 (9th Cir. 2010).

3

"Rule 37(c)(1) does not require the court, in all instances, to exclude evidence as a sanction for a late disclosure that is neither justified nor harmless." *Jackson*, 278 F.R.D. at 594. Courts have identified various factors to determine whether to impose exclusion sanctions, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See id.* (citing *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997)). Additionally, when an exclusion sanction under Rule 37(c)(1) is tantamount to dismissal of a claim, courts must also consider whether the disclosing party's non-compliance involved willfulness, fault, or bad faith. *R & R Sails, Inc. v. Insurance Co. of Penn.*, 673 F.3d 1240, 1247 (9th Cir. 2012).[3]

## III. ANALYSIS

Defendant submits that Plaintiff violated her discovery obligations under Rule 26 by serving four supplemental disclosures after discovery closed. Docket No. 55 at 11–13. Defendant therefore asks the Court to impose sanctions pursuant to Rule 37(c)(1) and exclude all documents produced in the four supplemental disclosures served after the discovery cutoff.[4] *See id.*

### A. Supplemental Disclosure Number Eight

Defendant submits that Plaintiff violated her discovery obligations when she served her eighth supplemental disclosure after the discovery cutoff. Docket No. 55 at 10, 12–13.

"[T]he mere fact that supplemental information is provided . . . after the discovery cutoff date is not dispositive." *Dayton Valley Inv'rs, LLC v. Union Pacific R.R. Co.*, 2010 WL 3829219, at *3 (D. Nev. Sept. 24, 2010). Rather, the critical question is whether the timing of Plaintiff's eighth supplemental disclosure is reasonable based on when the information contained in the supplemental disclosure was available to Plaintiff. *American Gen. Life Ins. Co*, 2016 WL

---

[3] The Ninth Circuit has recognized tension in its case law on this issue. *See, e.g.*, *Toyrrific, LLC v. Karapetian*, 606 F. App'x 365, 366 n.1 (9th Cir. 2015) (discussing *R & R Sails*, 673 F.3d at 1247 and *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175 (9th Cir. 2008)). Nonetheless, it appears that *R & R Sails* is the governing law on the issue. *See id.*

[4] Plaintiff asserts that she served an additional supplement on March 18, 2020. *See* Docket No. 46 at 6. Defendant's motion does not address this disclosure. *See generally* Docket No. 55.

1611585, at *2. Here, Defendant does not, and cannot, argue that the information Plaintiff produced in her eighth supplemental disclosure was available to her before the discovery cutoff. Discovery closed on February 10, 2020, four days *before* Plaintiff underwent the treatment documented in her eighth supplemental disclosure, and Plaintiff served her eighth supplemental disclosure less than one month after receiving the treatment described therein. *See* Docket Nos. 55 at 4, 46 at 6. The Court therefore finds that the timing of Plaintiff's eighth supplemental disclosure was reasonable based on when the information was made available to her.

Thus, Plaintiff did not violate her discovery obligations under Rule 26 with respect to her eighth supplemental disclosure.

### B. Supplemental Disclosures Numbers Six, Seven, and Nine

Defendant further submits that Plaintiff violated her discovery obligations under Rule 26 because the information produced in her sixth, seventh, and ninth supplemental disclosures was available to Plaintiff before the discovery cutoff. Docket No. 55 at 13.

The critical inquiry is whether Plaintiff timely produced the information included in her sixth, seventh, and ninth supplemental disclosures considering when the information was made available to her. *American Gen. Life Ins. Co*, 2016 WL 1611585, at *2. Defendant submits that Plaintiff's sixth, seventh, and ninth supplemental disclosures contained medical billing and treatment records for treatment that occurred between April 2017 and December 2019. Docket No. 55 at 12–13; *see also* Docket Nos. 46 at 5–6 and 24–25, 55-7, 55-8, 55-10. Defendant further submits that Plaintiff testified at her deposition that she had online access to medical billing documents supporting her damages computation throughout the discovery period.[5] Docket No. 55 at 8, 13; *see also* Docket Nos. 48 at 5, 55-13 at 4–5. Defendant submits that Plaintiff also testified that she received Explanations of Benefits ("EOBs") for her treatment from her insurance provider during the discovery period. Docket No. 55 at 9, 13; *see also* Docket Nos. 48 at 6, 55-13 at 6.

---

[5] Plaintiff's deposition occurred on February 14, 2020, after the close of discovery. Docket No. 46 at 5. Plaintiff submits that the parties agreed to this scheduling. *See id.* Parties may not extend deadlines in a discovery plan absent a court order. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) ("A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.").

Plaintiff does not challenge Defendant's submissions. On the contrary, Plaintiff concedes "that some of her medical bills . . . were produced after the close of discovery." Docket No. 11 at 11. Although Plaintiff acknowledges that timing for supplemental disclosures "is better gauged in relation to the availability of supplemental information[,]" Docket No. 46 at 9, Plaintiff does not explain why she was unable to produce medical billing records or EOBs as they became available to her. *See generally* Docket No. 46. Instead, Plaintiff submits that Rule 26 merely requires an estimate of damages, without actual documentary corroboration. *Id.* at 10. Rule 26, however, expressly requires Plaintiff to disclose, and timely supplement, documents supporting the damages computation she provided in her initial disclosures. *See* Fed.R.Civ.P. 26(a) (stating party "must also make available . . . the documents . . . on which each computation is based"); Fed.R.Civ.P. 26(e) (stating party must supplement disclosures "in a timely manner"); *see also* Advisory Committee Notes to 1993 Amendments (stating Rule 26 requires disclosing party to "make available the supporting documents" for its damages computation). "Rule 26(e) creates a duty to supplement, not a right." *Dayton Valley Inv'rs, LLC*, 2010 WL 3829219, at *3. In this case, Plaintiff had readily available and ongoing access to the medical billing records produced in her sixth, seventh, and ninth supplemental disclosures during the discovery period; thus, the Court finds that the timing of these disclosures was not reasonable.

Accordingly, Plaintiff violated her discovery obligations under Rule 26 with respect to her sixth, seventh, and ninth supplemental disclosures.

**C. Rule 37(c)(1) Sanctions**

Defendant asks the Court to exclude the documents produced in all four supplemental disclosures served after the close of discovery. Docket No. 55 at 11–13. The Court has concluded that Plaintiff did not violate her discovery obligations with respect to her eighth supplemental disclosure. Therefore, the Court assesses Defendant's request for discovery sanctions solely in relation to Plaintiff's sixth, seventh, and ninth supplemental disclosures.

Plaintiff submits that she "was not acting in bad faith or willfully." Docket No. 46 at 11. When exclusion sanctions are tantamount to dismissal of a claim, the Court must consider whether Plaintiff's non-compliance involved willfulness, fault, or bad faith. *See R & R Sails, Inc.*, 673 F.3d

at 1247. Here, Defendant's pending motion to dismiss is premised on exclusion of the documents produced in Plaintiff's untimely supplemental disclosures. Defendant argues that dismissal is proper because Plaintiff failed to establish the requisite jurisdictional amount for diversity jurisdiction based on medical billing records produced before the discovery cutoff. *See* Docket No. 55 at 14–15. Excluding all documents produced in Plaintiff's untimely supplemental disclosures may amount "in practical terms . . . to dismissal of a claim[,]" as it would preclude Plaintiff from pursuing her claim in federal court. *R & R Sails, Inc.*, 673 F.3d at 1247; *see also Flam v. Flam*, 788 F.3d 1043, 1047 (9th Cir. 2015) (holding motion to remand to state court is dispositive because "remand order is dispositive of all federal proceedings in a case"). Thus, the Court must determine whether Plaintiff's non-compliance involved willfulness, fault, or bad faith.

Defendant submits that, under *Alutiiq International Solutions, LLC v. OIC Marianas Insurance Corporation*, 305 F.R.D. 618 (2015), "Plaintiff's blatant, unexplained conduct amounts to willfulness, bad faith or fault[.]" Docket No. 48 at 10. In *Alutiiq*, the court issued case-dispositive sanctions after finding that the defendant failed to meaningfully engage in the discovery process, notwithstanding explicit warnings of case-dispositive sanctions. 305 F.R.D. at 619, 628. The court found that the defendant failed to follow court orders and produced discovery only after the court held hearings or in response to discovery motions. *Id.* The court further found that the defendant had "ample opportunity to comply with its discovery obligations but chose instead an active pattern of evasion and mischaracterization." *Id.* at 628. Given that the defendant failed to fulfill its discovery obligations despite court-issued warnings, the court concluded that case-dispositive sanctions were appropriate. *Id.*

Plaintiff's conduct in this case is unlike the defendant's conduct in *Alutiiq*. Plaintiff has not defied court orders and has produced discovery without requiring the Court to hold hearings or rule on discovery motions. There is also no indication that Plaintiff has intentionally engaged in an active pattern of evasion and mischaracterization. Plaintiff submits that she first requested her medical records in October 2019, and followed-up with her medical providers by mail and telephone from November 2019 through February 2020. Docket No. 46 at 3. Plaintiff further submits that "[t]he timing of the supplementing of the records was directly related to the responses

from the medical providers . . . and were not delayed in any way." *Id.* at 25.  Plaintiff submits that she "repeatedly tried to assemble all of her medical records and bills, producing those as they came into her attorney's office." *Id.* at 11.  Having considered Plaintiff's unchallenged submissions, the Court finds that Plaintiff did not act in bad faith.  *Cf. Silver State Broad., LLC v. Beasley FM Acquisition*, 2016 WL 320110, at *3 (D. Nev. Jan. 25, 2016), *aff'd sub nom. Silver State Broad., LLC v. Bergner*, 705 F. App'x 640 (9th Cir. 2017) ("Repeated failures to comply with Rule 26(a)'s requirements and the opposing party's requests give the appearance of bad faith.").  The absence of bad faith militates against the case-dispositive sanctions Defendant requests in this case.

Additionally, "Rule 37(c)(1) does not require the court in all instances to exclude evidence as a sanction for late disclosure that is neither justified nor harmless."[6] *Jones v. Wal-Mart Stores, Inc.*, 2016 WL 1248707, at *4 (D. Nev. March 28, 2016).  Whether it is appropriate to impose exclusion sanctions is an equitable analysis entrusted to the Court's discretion based on the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Wendt*, 125 F.3d at 814.  "[T]he key factors are prejudice and availability of lesser sanctions." *Hester v. Vision Airlines*, 687 F.3d 1162, 1169 (9th Cir. 2012).

The *Wendt* factors further militate against exclusion sanctions in this case.  First, permitting Plaintiff to rely on her untimely supplemental disclosures will not significantly delay resolution of the instant action given the case's current procedural posture.  *See Jones*, 2016 WL 1248707, at *7 ("An extension of discovery for this purpose will not delay trial which has not yet been set.").  In addition, allowing Plaintiff to rely on her untimely supplemental disclosures will neither condone conduct that interferes with the Court's case management nor negatively impact the Court's management of this case moving forward.  *Cf. Alutiiq*, 305 F.R.D. at 628 (finding

---

[6] Plaintiff does not argue that her untimely disclosures were substantially justified or harmless.  *See generally* Docket No. 55.  Plaintiff's failure to address substantial justification and harmlessness does not alter the Court's analysis because, as discussed above, the Court finds that exclusion sanctions are improper despite no showing of substantial justification or harmlessness.

defendant's conduct warranted case-dispositive sanctions because it caused "the court to repeatedly revise and rewrite its case management orders").

It would also not be "severely prejudicial" to allow Plaintiff to rely on her untimely supplemental disclosures. Docket No. 48 at 10. Defendant has been aware of Plaintiff's categories of claimed damages since October 2019, and Plaintiff's untimely disclosures make no attempt to introduce new categories of claimed damages. *See Tuna Processors, Inc. v. Hawaii Int'l Seafood, Inc.*, 2007 WL 433547, at *2 (D. Haw. Feb. 5, 2007) *("*There is generally no prejudice where the untimely evidence does not raise any new issues in the case."). Defendant's countervailing assertion that it would need to re-engage in discovery to review Plaintiff's untimely supplemental disclosures is not a sufficient basis to significant prejudice, particularly when the sanctions Defendant requests are potentially case-dispositive. Docket No. 48 at 10; *see also Silvagni*, 320 F.R.D. at 243 ("Absent a showing of bad faith or other misconduct, courts are leery of imposing the harsh sanction of exclusion absent a *significant* possibility of prejudice.") (emphasis added); *cf. Carreon v. Smith's Food & Drug Stores*, 2019 WL 3716895, at *5 (D. Nev. Aug. 6, 2019) (imposing exclusion sanction where defendant is prejudiced and sanction is not case-dispositive). Finally, public policy favors disposition of this case on the merits and less drastic sanctions are available. The Court therefore finds that exclusion sanctions are not warranted in this case.[7]

## IV.   CONCLUSION

Accordingly, Defendant's motion for discovery sanctions is **DENIED**. Docket No. 55. The Court **CAUTIONS** Plaintiff that it expects strict compliance with all deadlines in the future.

IT IS SO ORDERED.

Dated: October 20, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

---

[7] Defendant does not ask for alternative forms of relief. *See generally* Docket Nos. 55, 48. The Court declines to exercise its discretion to impose lesser sanctions *sua sponte*.